SCHNEER, Respondent, *vs.* LEMP, Appellant.

1. It is error for a court to instruct a jury upon the weight and sufficiency of evidence.
2. It is error to give contradictory instructions.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought by Schneer against Lemp for the value of services alleged to have been rendered as foreman of the defendant's brewery.　At the trial, the plaintiff offered evidence tending to show that he was at work in defendant's brewery, as foreman, from March 27th, 1850, to August 12th, 1851, and it was admitted that the wages claimed were rea-sonable.　Plaintiff also offered evidence tending to show that, at the time he was employed, defendant was in partnership with one Kaegle, and that this partnership was dissolved before the end of the first year.　Defendant offered evidence tending to show that plaintiff was originally hired by the year, and that he continued in Lemp's employ after the dissolution of the partnership, under an express contract to serve by the year, at the annual salary of $500, and that plaintiff left defendant's service on the 12th of August, 1851, before the completion of the year's service, without any good cause, and against the will of the defendant.　The following instructions were given for the plaintiff :

1. If the jury believe from the evidence that plaintiff was

employed on or about the 27th of March, 1850, to work for an entire year at a stipulated price, in a brewery carried on by the defendant and some other person or persons in partnership with him, still they cannot infer that plaintiff worked under the same agreement for the second year, merely from the fact of his continuing to work on in the same brewery after the expiration of his first year, if the jury believe from the evidence, that before the commencement of the second year, said partnership was dissolved, and that said brewery was not, after said dissolution, carried on by said partnership.

2. The jury cannot find for defendant on the ground of there being any special contract for the second year.

3. Unless the jury are satisfied from the evidence that, at the making of the agreement, plaintiff and defendant understood and agreed that plaintiff bound himself to remain in the employment of defendant during the space of an entire year, they cannot find for the defendant on the ground that the contract was for an entire year; and proof that he would be paid at the rate of so much per year, is not proof conclusive that he agreed to work for an entire year.

4. If the jury believe from the evidence that the first hiring was made by plaintiff with defendant and another person, then defendant's partner; that said partner had ceased to be such by or before the expiration of the first year of plaintiff's service, then no inference therefrom can be drawn as to the nature of the hiring, after the expiration of the said first year.

5. If the jury believe from the evidence that Kaegle ceased to be a partner of Lemp by or before the expiration of plaintiff's year, then defendant is liable to plaintiff for the value of plaintiff's services since the expiration of said year.

6. The fact of hiring at a fixed price per year is not evidence of a hiring for an entire year, if it is the general custom, in making such contracts, to consider them binding only during the pleasure of the parties.

On motion of defendant's counsel, the court gave the following instructions :

1. If the jury believe from the evidence that plaintiff was employed in defendant's brewery by the year, at $500 per year, and that plaintiff left defendant's employ before the end of the year, voluntarily and without any just cause, they will find for the defendant.

2. If the jury believe there was a hiring by the year at $500 per year, then plaintiff is not entitled to recover any thing without showing a full performance on his part.

3. If the jury believe from the evidence that plaintiff contracted to serve defendant as a brewer for one year, commencing on the 27th March, 1850, and that after the expiration of this year plaintiff continued in defendant's employ, then the presumption of law is, that there was a hiring for the second year on the same terms as the first.

4. If the jury believe there was a contract, then the fact that the plaintiff was to be paid at the rate of $500 per year, is evidence that the term of service was by the year, and the burden of showing the contrary lies upon the plaintiff.

5. Although the jury believe that the plaintiff was originally employed by Lemp & Co., yet, if the partnership was dissolved before the end of the first year's service, and plaintiff continued with the remaining partner, then the presumption of law is, that plaintiff remained under the contract made with Lemp & Co., if any such was made, and the burden of showing the contrary lies upon the plaintiff.

6. If the jury believe from the evidence that there was a hiring of the plaintiff from year to year, at the annual salary of $500 per year, and that plaintiff entered upon the performance of the second year's service, and that the second year commenced on the 27th day of March, 1851, then plaintiff had no cause of action at the commencement of this suit.

7. The burden of showing that plaintiff had just cause for leaving defendant's employ before the end of the second year lies upon the plaintiff, and the claim of and refusal of higher wages is not such just cause.

The giving of erroneous and contradictory instructions is assigned for error.

*N. & S. A. Holmes*, for appellant.

*C. Harding, jr.*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The law commissioner, in the first, third and fourth instructions given for the plaintiff, undertook to direct them as to the effect they were to give the evidence upon the finding of the particular facts. As an instance, he tells them that if the plaintiff contracted to work for the defendant and his partner in their brewery for a year at a stipulated price, they cannot infer that he worked under the same agreement for the second year, merely from the fact that he continued to work in the brewery after the expiration of the first year, if in the meantime the partnership of the defendant was dissolved. The question of fact was before the jury, whether the service rendered by plaintiff to defendant was under an agreement to work by the year for a fixed price, and the circumstances referred to in the instruction might well have satisfied the jury of the existence of such agreement for the second year. It was the sufficiency of the evidence to establish a fact upon which he was instructing the jury, not upon a question of law. In the fifth instruction for plaintiff, he tells the jury that the defendant is liable to the plaintiff in this action for his services after the expiration of the first year, if the partnership in which the defendant was engaged was dissolved. This liability is declared as existing, notwithstanding any agreement that may have been made between the parties for service to be rendered by plaintiff for an entire year, before he should receive any part of the compensation agreed upon. The sixth instruction given for the plaintiff alludes to a general custom as sufficient to control the effect of the evidence given to prove a hiring for an entire year, when there was no proof of any general custom.

2. In the present case, the law commissioner seems to have

thought that he was acting with becoming fairness and impartiality, when he gave all the instructions asked by both parties involving the opposite sides of the same question of law. This will appear by comparing the instructions given on both sides. It is to be regretted that such a course should be pursued. Let him give such instructions only as are consistent with his own opinions of the law, and then, at least, he will not expose both parties to the danger of a reversal, whichever way the trial may result.

As he has given wrong instructions for the plaintiff, the judgment will be reversed and the cause remanded, with the concurrence of the other judges.